Linda Deos, No. 179170
Law Office of Linda Deos
2882 Prospect Park Drive, Ste. 350
Rancho Cordova, CA 95670
(916) 270-2084
(916) 583-7693 (Fax)
Deoslawyer@gmail.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>CYNTHIA EVANS,<br><br>           Debtor. | Bankruptcy Case No. 09-42517<br><br>DCN: LDD-1<br><br>Chapter 7<br><br>MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY OF THE ESTATE<br><br>DATE: March 30, 2010<br>TIME:   9:00 am<br>CTRM:   28<br>FLOOR: 7th<br><br>The Honorable Michael S. McManus |

**COMES NOW** Debtor to allege as follows:

      1.      Debtor filed this Chapter 7 Case No. 09-42517 on October 16, 2009.

      2.      Debtor disclosed in Schedule B personal property including household goods, clothing, apartment deposit, a bank account at US Bank, a Toyota Prius, and monies characterized as deferred compensation in her Marital Settlement Agreement from her ex-husband in the amount of $26,000.00.

      3.      Debtor believes she has properly exempted all property of the estate, save $20,000 of the monies paid to debtor each month in $1000.00 installments, which was not exempted. Debtor believes the deferred compensation is in the nature of support from her ex-husband and should be classified as alimony.  In Debtor's Marital Settlement Agreement filed with Sacramento Superior Court on June 1, 2009, Debtor's ex-husband, Brad Evans, was ordered to pay Debtor $1975.00 a month in spousal support and an additional $1000.00 a month for 36

months in additional support.  Although both parties considered the $1000.00 to be spousal support, the additional $1000.00 was not classified specifically as spousal support in the Marital Settlement Agreement at the advice of both parties' counsel in order to provide for continued payments to Debtor in the event Debtor remarried.  Attached as Exhibit A to Debtor's Declaration is a true and original copy of her Marital Settlement Agreement.  Attached as Exhibit B to Debtor's Declaration is a notarized letter from Debtor's ex-husband in which he states that he understands that the total amount paid by him to Debtor, including the $1000.00, is spousal support.

    4.    Debtor desires to have properly exempted property abandoned by the Trustee on the basis that administration of such assets is burdensome to the estate and of inconsequential value to the estate.  (11 U.S.C. § 554.)

    **WHEREFORE,** Debtor prays:

    1.    For an Order Compelling the Trustee to abandon said property of the estate.

    2.    For other relief the Court deems just and proper.

Date: February 23, 2010                               Respectfully Submitted,


LAW OFFICE OF LINDA DEOS


                                        /s/ Linda Deos
                                        Linda Deos, Attorney for Debtor,
                                        Cynthia Evans